**Joann JANAK and Joseph Janak, Plaintiffs,**

**v.**

**ALLSTATE INSURANCE COMPANY, a foreign insurance corporation, Economy Fire and Casualty Company, a foreign insurance corporation, St. Lawrence Insurance Company, a foreign insurance corporation, Jerry E. Solchany, Talmage O'Banion, Anthony F. Rak, Jr., Joann Rak, and James Baylor, Director of Insurance of the State of Illinois, as Liquidator of St. Lawrence Insurance Company, Defendants.**

No. 69–C–145.

United States District Court, W. D. Wisconsin.

Sept. 30, 1970.

**216**

Arthur DeBardeleben, Park Falls, for plaintiffs.

Carroll E. Metzner, Madison, Wis., for Allstate and Solchany.

Eugene O. Gehl, Madison, Wis., for Anthony F. Rak, Jr.

Frank M. Coyne, Madison, Wis., for O'Banion and Economy Fire.

Jack F. Olson, Madison, Wis., for St. Lawrence Insurance Co. and James Baylor.

### MEMORANDUM AND ORDER

JAMES E. DOYLE, District Judge.

Plaintiffs in this diversity suit seek damages for injuries allegedly resulting from an automobile accident on August 20, 1966, in Dane County, Wisconsin. It appears that the accident involved four automobiles driven by defendants Solchany, O'Banion, Anthony F. Rak, Jr., and Joann Rak. Cross complaints for contribution have been filed against defendant St. Lawrence Insurance Company (St. Lawrence) by defendant O'Banion and his insurer and by defendant Anthony Rak, Jr. and his insurer, and against defendant Baylor by defendant Solchany and his insurer.

Defendants St. Lawrence and Baylor have moved to dismiss the complaint on several grounds.[1]

From the present record herein, it is undisputed that on January 13, 1967, the Circuit Court of Cook County, Illinois, Chancery Division, entered a decree finding St. Lawrence to be insolvent, canceling its articles of incorporation, and appointing defendant Baylor, Director of the Department of Insurance of the State of Illinois, as liquidator of St. Lawrence with authority to deal with the company's property.

The decree reads in part:

"That for good cause shown and notice having been given, a Permanent Injunction issue without bond pursuant to the statute in such case made and provided, restraining the Defendant, ST. LAWRENCE INSURANCE COMPANY, an Illinois Stock Insurance Corporation, its officers, agents, directors, employees, and all other persons from transacting any company business or disposing of its property or assets in any manner whatsoever, or from attempting to do so, until the further order of this Honorable Court, or from interfering with the conduct

---

1. Counsel for defendants St. Lawrence and Baylor represents that defendants Anthony Rak and his insurer and defendants Solchany and his insurer have agreed that their respective cross-complaints against defendants St. Lawrence and Baylor may be considered subject to the motion by defendants St. Lawrence and Baylor to dismiss the principal complaint, and this has been confirmed by letter by counsel for defendants Anthony Rak and his insurer. Nothing appears with respect to defendants O'Banion and his insurer. I will treat the motion to dismiss as applicable to all cross-complaints against St. Lawrence and Baylor; provided, however, that counsel for any cross-complainant may move to be relieved from the effect of this order.

of the business by the Director of Insurance, or from attempting to do so, and further restraining all persons from obtaining judgments, attachments, or other like liens, and from making any levy against the Defendant, ST. LAWRENCE INSURANCE COMPANY, or its property and assets while the same are in possession and control of said Director, or until the further order of this Honorable Court."

I have concluded that the motion of defendants St. Lawrence and Baylor to dismiss for failure to state a claim upon which relief can be granted should be treated as a motion for summary judgment, and that it must be granted on the ground that the injunction issued by the Illinois court restraining all persons from obtaining judgments against St. Lawrence must be given full faith and credit, Art. IV, § 1, U.S.Const.[2]

Thacher v. H. C. Baldwin Agency, Inc., 283 F.2d 857 (7th Cir. 1960), involved a question somewhat similar to that presented by defendants' motion to dismiss. Thacher, the Superintendent of Insurance in New York, had been appointed liquidator for an insolvent New York insurance company by a New York court. The New York court had enjoined the assertion of claims against the company's assets except in the liquidation proceedings and had enjoined interference with the administration of the liquidation. Thacher then sued Baldwin in the U.S. District Court for the Southern District of Indiana for an accounting and payment of certain premiums and cancelled commissions. Baldwin claimed the right to adjudicate his counterclaims and set-offs in the Indiana proceeding, but the district court held that the New York injunction barred the assertion of claims against the liquidator except in the liquidation proceedings. The Court of Appeals affirmed, noting that Baldwin had shown

no valid reason why he could not file his claim in New York or why his claim would be unfairly handled if he did so. *Thacher, supra,* at 862.

Plaintiffs herein have also filed claims with defendant Baylor in the Illinois liquidation proceedings. They have not alleged that defendant Baylor has refused to consider their claims or that he is treating them unfairly. In fact, it appears from an affidavit submitted by plaintiffs' attorney that such claims are presently being processed by Baylor.

Plaintiffs contend that Thacher v. H. C. Baldwin Agency, Inc., *supra,* does not apply to this case. They argue first that 28 U.S.C. § 959 was not called to the attention of the court in *Thacher,* and that this statute gives them the right to sue St. Lawrence and Baylor. The statute provides:

"(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

However, the statute applies only to receivers appointed by a federal court, Barber v. Powell, 135 F.2d 728 (4th Cir. 1943), cert. den. 320 U.S. 752, 64 S.Ct. 56, 88 L.Ed. 447, and gives plaintiffs no special right to sue a receiver appointed by an Illinois court.

Secondly, plaintiffs argue that "the jurisdictional defects present here did not appear in the *Thacher* case." Plaintiffs apparently mean that defendant Baldwin in *Thacher* had notice of the liquidation order but that they were not served with notice of the order liquidating St. Lawrence and thus are not sub-

---

2. Rule 12(b), Fed.Rules of Civil Proc. The parties have had a "reasonable opportunity to present all material made pertinent to such a motion [for summary judgment] by Rule 56." Those facts referred to in this opinion, which do not appear on the face of the complaint, are conceded by plaintiff.

ject to the injunction contained in the order. It is not clear from the report of the *Thacher* case whether Baldwin was served with notice of the New York injunction or whether he merely obtained knowledge of it. At any rate, it appears from plaintiffs' attorney's affidavit that plaintiffs did have knowledge of the Illinois liquidation proceedings and did file a claim with the liquidator before instituting this action on July 7, 1969.

I hold that the injunction entered by the Illinois court barring all persons from obtaining judgments against St. Lawrence and restraining all persons from interfering with the conduct of business by the liquidator prevents plaintiffs from maintaining this action against St. Lawrence and Baylor in spite of the alleged lack of notice. The Illinois chancery court had the task of providing for an orderly liquidation of an insolvent company and the preservation of its remaining assets. The assets would not be protected nor claims paid equitably if the liquidator were forced to defend lawsuits brought after the liquidation decree was entered. These are strong equitable reasons why I should give effect to the Illinois court's injunction.

Finally, plaintiffs argue that "it does not appear that the *Thacher* case involved the deprivation of rights of citizens and the frustration of the policy of applicable local substantive law which would result" if *Thacher* were applied here. This argument is without merit. Wisconsin's public policy with respect to insurance company liquidations is found in Chap. 645, Wis.Stats. (Chap. 89, Wis. Laws 1967). The Wisconsin legislature was concerned with the interstate problems which arise when an insurance company doing business in several states must undergo liquidation. Subchapter IV of Chap. 645 is entitled "Interstate Relations" and § 645.88 thereof provides:

"*Attachment, garnishment and levy of execution.* During the pendency in this or any other state of a liquidation proceeding, whether called by that name or not, no action or proceeding in the nature of an attachment, garnishment or levy of execution shall be commenced or maintained in this state or elsewhere against the delinquent insurer or its assets."

Therefore, if this action against St. Lawrence and Baylor were allowed to proceed, and if St. Lawrence and Baylor were found liable to plaintiffs, it appears that by virtue of § 645.88 plaintiffs would be unable to recover on their judgment. This indicates that Wisconsin's public policy requires recognition of the Illinois injunction.

Upon the basis of the entire record herein, the motion by defendants St. Lawrence Insurance Company and James Baylor to dismiss the principal complaint and the cross-complaints against each of them is hereby treated as a motion for summary judgment of dismissal, and it is hereby granted.