**Deanna L. RILEY, et al., Plaintiffs,**

v.

**The HEIL COMPANY, Defendant.**

**No. C–2–83–166.**

United States District Court, S.D. Ohio, E.D.

Sept. 25, 1985.

Daniel C. Connor, Columbus, Ohio, for plaintiffs.

Douglas M. Bricker, Knepper, White, Arter & Hadden, Columbus, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider the motion of the defendant to stay these proceedings.

This is a products liability action in which the plaintiffs are citizens of Ohio and the defendant, the Heil Company, is a Wisconsin corporation. Defendant is insured by the Ideal Mutual Insurance Company, a New York corporation. Ideal is not a party to the present action.

In February, 1985, Ideal was placed in liquidation in New York and a permanent injunction was issued prohibiting all proceedings against Ideal within the United States. Also in February, 1985, Ideal was placed in ancillary liquidation in Wisconsin pursuant to Wisconsin's version of the Uniform Insurers Liquidation Act, Chapter 645, Wis.Stat. On the same day, the Circuit Court of Dane County Wisconsin issued an injunction restraining all persons asserting claims arising out of policies issued by Ideal to insureds residing in Wisconsin from further asserting their claims except by submission to administrative liquidation proceedings.

As the present case is a diversity action, this Court is bound to apply Ohio law. The relevant Ohio Revised Code section governing the effect to be given to foreign court injunctions of civil actions against the insurer or liquidator provides in pertinent part:

> The courts of this state shall give full faith and credit to injunctions against the liquidator or the company or the continuation of existing actions against the liquidator of the company, when such injunctions are included in an order to liquidate an insurer issued pursuant to corresponding provisions in other states.

O.R.C. § 3903.24.

The Court observes that the Ohio and Wisconsin statutes governing the liquidation of insurance companies are substantially similar. See O.R.C. Chapter 3903 and Wis.Stat. Chapter 645. Thus, the Court believes that the injunction issued under Wisconsin law is entitled to be given effect pursuant to O.R.C. § 3903.24. However, the Court could find no Ohio court authority interpreting or applying the above recently enacted provision of Ohio law. The defendant argues that this provision requires the Court to stay the current proceeding pursuant to the Wisconsin court injunction until the plaintiff presents an appropriate claim to the Wisconsin ancillary liquidator. However, the plaintiffs maintain that the above section does not apply to the present action as neither the Wisconsin liquidator nor the insurer is a party.

Absent any Ohio authority, the Court believes that the best approach to resolving this issue is to balance the plaintiffs' interest in having a convenient forum in which to litigate their claim with the state's interest in providing an efficient means for liquidation of insolvent insurance companies. The Court recognizes that Wisconsin has a substantial interest in maintaining an or-

derly and efficient process of liquidating insolvent insurance companies so as to protect the interests of the company's owners, policyholders, and creditors, and members of the public. *Metropolitan Life Insurance Co. v. Board of Directors of Wisconsin Insurance Security Fund*, 572 F.Supp. 460, 473 (W.D.Wis.1983); *Blackhawk Heating & Plumbing Co., Inc. v. Geeslin*, 530 F.2d 154, 159 (7th Cir.1976). Thus, a motion to stay a proceeding involving an insurer or liquidator may be appropriate in order to avoid a disruption of the statutory liquidation process.

However, in the present case, the Court is unconvinced that the continuation of this proceeding would be disruptive of the liquidation process. Indeed, after reviewing Wisconsin Stat. 645 *et seq.*, the Court believes that continuation of this litigation is consistent with the statutory scheme established by the Wisconsin legislature.

The defendant correctly asserts that the plaintiffs are permitted to file a claim in the Wisconsin liquidation proceeding. Wis. Stat. § 645.63 allows the filing of a claim on a contingent judgment. The comment to this section states:

> ... the claim of a third party who has not reduced his claim against the policyholder to judgment is only technically and superficially contingent, if contingent at all, and should be treated as if it were an ordinary claim.... Unliquidated and undetermined claims should be regarded as absolute and unqualified claims.

Wis.Stat. § 645.63, comment. Thus, it is clear the plaintiffs would be able to file a claim with the ancillary liquidator even if the judgment has not been rendered. However, this does not end the inquiry.

The language of Wis.Stat. § 645.64(1) suggests that the third party is not required to bring a claim. The statute provides, in pertinent part:

> Whenever any third party asserts a cause of action against an insured of an insurer in liquidation, the third party *may* file a claim with the liquidator. (Emphasis added.)

This section further provides that if the third party elects to pursue his claim in the liquidation proceeding, he must release the insured from liability on his cause of action up to the amount of the applicable policy limit. See Wis.Stat. § 645.64(1). The legislative committee's comment to this section is particularly enlightening with respect to the operation of this section.

> Third party claims raise tortuous and difficult problems, and this section has surely not completely solved them. The goal was to devise a more subtle and discriminating method of handling third party claims than now exists, which would both do greater equity and also encourage quick termination of the liquidation....
>
> This section provides for the third party claimant to make a choice between pursuing his claim against the insured and presenting his claim in the liquidation. At first blush it would seem harsh and unnecessary to force such a choice. But this is not the case. Before he is to choose, the claimant has every opportunity to determine whether the insured is individually financially responsible. If he is, the claimant can proceed against him, rather than take his chances in the liquidation.

Wis.Stat. § 645.64, comment.

Wis.Stat. § 645.64(2) also allows the insured to file a claim in the liquidation. Whether or not the third party files a claim, the insured may file a claim on his or her own behalf in the liquidation. If the insured fails to file a claim by the date for filing claims specified in the order of liquidation or within 60 days after mailing of the notice required by § 645.47(1)(b), whichever is later, the insured is an unexcused later filer.

The relevant comment to this section states:

> The fact that a third party claim often remains unsettled for a long time should not prevent the insured from getting such protection from his policy as others have received from theirs, so long as it does not unreasonably delay the liqui-

dation ... the amount [of the claim] should not be paid to the insured but withheld for future payments to him. If he wins the litigation, the fund would fall back into the unallocated funds of the liquidator except for allowable defense costs.

Wis.Stat. § 645.64, comment Sub. (3). Finally, the Court notes that Wis.Stat. § 645.49(1) specifically permits the liquidator to intervene in out-of-state law suits which may affect the liquidation.

In examining Wisconsin's statutory insurance liquidation scheme, the Court believes that the Wisconsin legislature intended to encourage but not require third parties and insureds to file their claims with the liquidator. The inducement to file is the risk attendant upon non-filing. Failure to make timely filings exposes the third party to the risk of an insolvent insured while the insured bears the risk of a reduced priority in the subsequent distribution of assets and funds. Given this statutory framework, the Court believes that continuation of this litigation without a filing of the claim with the liquidator does not threaten the interests of Ideal's owners, creditors, other policyholders or members of the public. Rather, under Wisconsin law, it effectively shifts the risk and costs of not filing to the respective parties. Of course, the defendant may choose to file a claim with the liquidator in order to minimize the risk of bearing the cost of an adverse judgment which otherwise would have been covered by Ideal but for its insolvency. In such a circumstance, it might be appropriate for the Court to stay this action. However, it would be entirely inappropriate to issue a stay because the plaintiffs opt to proceed against the insured instead of against the liquidator when such a option was specifically contemplated by the drafters of the Wisconsin insurance liquidation statutes. Finally, the Court notes that if the liquidator believes that this proceeding in some way jeopardizes the liquidation, the liquidator has the authority to intervene in order to protect the interests of creditors and policyholders of the insolvent insurer.

The Court acknowledges the authority cited by the defendant (*Janak v. Allstate Insurance Co.*, 319 F.Supp. 215 (W.D.Wis. 1970); *Cummings Wholesale Electric Co., Inc. v. Home Owners Insurance Co.*, 492 F.2d 268 (7th Cir.) *cert. denied*, 419 U.S. 883, 95 S.Ct. 149, 42 L.Ed.2d 123 (1974) and *Metropolitan Life*, 572 F.Supp. 460), but does not believe that abstention is appropriate when the pending litigation is not in conflict with Wisconsin's statutory insurance liquidation process. Moreover, a stay of this proceeding would be unduly burdensome upon the plaintiffs as it would require pursuit of the present action in an inconvenient forum. Whereas the Court finds that Wisconsin law does not require the plaintiffs to proceed with their claim in the liquidation proceeding and continuation of this proceeding does not impair the defendant's interests nor disrupt the Wisconsin liquidation proceeding, the defendant's motion for a stay of this proceeding is DENIED.

WHEREUPON, upon consideration and being duly advised, the Court finds that the defendant's motion to stay this action is without merit and it is, therefore, DENIED.

IT IS SO ORDERED.