**Alfred W. GROSS, Commissioner of Insurance, State Corporation Commission, as Deputy Receiver of Fidelity Bankers Life Insurance Company, Plaintiff,**

v.

**Robert I. WEINGARTEN, et al., Defendants.**

**Civil Action No. 3:92CV808.**

United States District Court, E.D. Virginia, Richmond Division.

Aug. 21, 1998.

Elizabeth Powell Mason, Sarah Hopkins Finley, Howard W. Dobbins, Robert Dean Perrow, Williams, Mullen, Christian & Dobbins, Richmond, VA, Howard W. Dobbins, Harmon, Claytor, Corrigan & Wellman, Richmond, VA, Randolph N. Wisener, Patrick H. Cantilo, Cantilo, Maisel & Hubbard, Austin, TX, Jeffrey L. Wood, Rubinstein & Perry, Dallas, TX, Steven Eugene Adkins, Adduci, Mastriani & Schaumberg, LLP, Washington, DC, Jeffrey L. Wood, David A. MacDonald, Cantilo, Maisel & Hubbard, L.L.P., Dallas, TX, for Alfred W. Gross, plaintiff.

Paul Granger Klockenbrink, Simon Delano Moore, William David Paxton, Gentry, Locke, Rakes & Moore, Roanoke, VA, Eric

N. Landau, Andrew B. White, Christensen, White, Miller, Fink & Jacobs, Los Angeles, CA, Terry Christensen, David Lake, Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, Los Angeles, CA, for Robert Weingarten, Gerry R. Ginsberg, and Leonard Gubar, defendants.

Douglas Michael Palais, Dana Johannes Finberg, Mezzullo & McCandlish, Richmond, VA, John W. Cotton, Helen L. Duncan, Aaron C. Gundzik, Allyson Taketa, LeBoeuf, Lamb, Greene & MacRae, Los Angeles, CA, for Shearson Lehman Brothers, Inc., defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

 This matter is before the Court on plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Richmond, Fredericksburg & Potomac Railroad Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). Should the proponent fail to satisfy this burden, the district court must dismiss the action. *Id.* For the reasons set forth below, the Court holds that the defendants have failed to carry their burden establishing jurisdiction. The Court therefore grants plaintiff's motion.

### I. Factual Background

This action requires the Court to again resolve a jurisdictional dispute arising from the financial collapse and subsequent receivership of Fidelity Bankers Life Insurance ("FBL"). *See also Eden Fin. Group, Inc. v. Fidelity Bankers Life Ins. Co.,* 778 F.Supp. 278 (E.D.Va.1991). The facts relating to the resolution of this jurisdictional question are not in dispute.

On May 13, 1991, the State Corporation Commission ("SCC") entered a receivership order adjudging FBL insolvent and enjoining all persons from interfering with the SCC's rehabilitation and liquidation proceedings. The order reads in part: "the Commission hereby assumes and exercises sole and exclusive jurisdiction over all the [p]roperty [of FBL] and claims or rights respecting such [p]roperty to the exclusion of any other court or tribunal, such exercise of sole and exclusive jurisdiction being hereby found to be essential to the safety of the public and of the claimants .... " It continues: "all other persons or entities of any nature including, but not limited to, claimants, plaintiffs, petitioners, and any governmental agencies who have claims of any nature against [FBL], including crossclaims, counterclaims and thirdparty claims, are hereby permanently enjoined and restrained from ... commencing, bringing, maintaining or further prosecuting any action at law, suit in equity, arbitration, or special or other proceeding against [FBL]."

The order also appointed Insurance Commissioner Steven T. Foster as the Deputy Receiver. Mr. Foster has subsequently been replaced by Alfred W. Gross as the Insurance Commissioner, who has been substituted in this action for his predecessor pursuant to Federal Rule of Civil Procedure 25(d)(1). On December 19, 1992, the Deputy Receiver initiated this action on behalf of FBL, its policyholders, and its creditors in order to recover losses suffered as a result of defendants' alleged wrongdoing. The Deputy Receiver's fifteen-count complaint alleged violations of federal securities law, state statutory law, and common law.

This action triggered numerous other lawsuits against the defendants. Defendants settled several of these other actions for substantial sums. Despite having been previously adjudged insolvent, it became evident well into this litigation that FBL currently possesses substantial assets and has satisfied its contractual obligations to policyholders. In light of this information, the district court previously responsible for this case granted Shearson and the Individual Defendants leave to file counterclaims on January 5, 1998.[1] On January 8, 1998, one of the defen-

---

1. Though compulsory in nature, the district court previously responsible for this case granted Shearson and the Individual Defendants granted

leave to file these counterclaims on January 5, 1998 because the court determined that the in-

dants, Shearson Lehman Brothers Holdings, Inc. ("Shearson") filed a counterclaim against the Deputy Receiver seeking equitable indemnification, exoneration, and contribution for sums expended defending this action and settling others. On January 14, 1998, three other defendants, Robert Weingarten, Gerry Ginsberg, and Leonard Gubar ("Individual Defendants") filed a similar counterclaim seeking equitable indemnification, contractual indemnification, exoneration, and contribution for sums expended defending this action and settling others. The Court acknowledges that the parties have briefed and argued many of the same issues again presented by the Deputy Receiver's motion. However, it appears from the record that the district court previously responsible for the case retained jurisdiction over the counterclaims without fully addressing the merits of this jurisdictional dispute in anticipation that the pending trial on the underlying claims might render the issue moot.

However, on May 21, 1998, the Court entered judgment in accord with the jury's verdict in defendants' favor on all counts of the Deputy Receiver's underlying complaint. On May 29, 1998, the Shearson and the Individual Defendants served notice of their intent to pursue their pending counterclaims. On July 1, 1998, the Deputy Receiver filed the pending Motion for Judgment on the Pleadings.

### II. Analysis

#### A. Plaintiff's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

Arguing that the Court lacks subject matter jurisdiction over the counterclaims, the Deputy Receiver urges the Court to enter judgment in his favor on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Deputy Receiver maintains that the full faith and credit clause requires that this Court honor the receivership order establishing the SCC as the exclusive forum in which claims against FBL may be asserted. *See* 28 U.S.C. § 1738. The Court concurs.

The starting point for resolving this apparent conflict of jurisdiction is the compelling and consistently repeated federal policy of refraining from interference in the regulation of insurance. This policy is asserted most vehemently in the McCarran–Ferguson Act, which delegates all regulation of the "business of insurance" to the states. 15 U.S.C. § 1012(b). The Act states "expressly and affirmatively that continued state regulation and taxation of this business is in the public interest and that the business and all who engage in it 'shall be subject to' the laws of the several states in these respects." *Prudential Ins. Co. v. Benjamin,* 328 U.S. 408, 430, 66 S.Ct. 1142, 1155, 90 L.Ed. 1342, 1360 (1946). Importantly, this same policy of noninterference governs even otherwise exclusively federal arenas. *See, e.g.,* 11 U.S.C. § 109(b)(2) (exempting insurance companies from the protection of the federal bankruptcy laws).

■ Pursuant to this broad grant of exclusive regulatory power to the states, Virginia Code Section 38.2–1508 clearly and unequivocally establishes a single regulatory scheme for the comprehensive and efficient resolution of competing claims against insolvent insurers. It states that the SCC "is authorized to act as a receiver to rehabilitate or liquidate an insurer or to take any other authorized steps that it considers advisable in connection with the affairs of the insurer .... *All further proceedings in connection with the rehabilitation or liquidation shall be conducted by the Commission.*" Va.Code Ann. § 38.2–1508 (Michie 1950) (emphasis added). The SCC's receivership order entered pursuant to Code Section 38.2–1508, clearly and unequivocally establishes exclusive jurisdiction to the fullest extent of this broad statutory authority.

Decisions under nearly identical facts illustrate the unequivocal effect of receivership orders entered pursuant to this statute. Indeed, on at least one occasion, the Fourth Circuit has explicitly ruled that federal district courts lack subject matter jurisdiction over counterclaims filed against insolvent insurers subject to a receivership order under

formation regarding the extent of FBL's assets was not previously known.

Virginia Code Section 38.2–1508. *See Gross v. Spies,* No. 96–2204, 133 F.3d 914, 1998 WL 8006, at *9 (4th Cir. Jan. 13, 1998) (unpublished opinion) (allowing the Deputy Receiver to voluntarily dismiss claims under Federal Rule of Civil Procedure 41(a)(2) because the district court lacked subject matter jurisdiction over defendant's pending counterclaims). *See also Eden Fin. Group,* 778 F.Supp. at 282–83 (exempting an insolvent insurer from jurisdiction under the Federal Arbitration Act).

The statutory scheme's exclusivity establishes a single equitable and efficient proceeding to benefit all policyholders and creditors. As this Court has previously noted, the statutory designation of the SCC as the single forum in which claims against the insolvent insurer may be asserted precludes piecemeal and possibly duplicative litigation and allows for the orderly resolution of creditors' competing claims to finite and often insufficient assets. *Id.*

A number of courts in other jurisdictions have made similar determinations when interpreting analogous receivership statutes and orders. *See, e.g., Thacher v. H.C. Baldwin Agency, Inc.,* 283 F.2d 857, 860 (7th Cir.1960) (refusing to allow counterclaims and set-offs asserted against an insolvent insurer under a receivership order); *Washburn v. Corcoran,* 643 F.Supp. 554 (S.D.N.Y. 1986) (exempting insolvent insurer under receivership order from jurisdictional mandates of Federal Arbitration Act); *Janak v. Allstate Ins. Co.,* 319 F.Supp. 215 (W.D.Wis. 1970) (holding receivership order divested federal district court of subject matter jurisdiction over claim against insolvent insurer); *American Cast Iron Pipe Co. v. Statesman Ins. Co.,* 343 F.Supp. 860 (D.Minn.1972) (same).

█ Despite this substantial authority, Shearson and the Individual Defendants argue that the Deputy Receiver is estopped from objecting to federal jurisdiction over the counterclaims because he has waived the SCC's exclusive jurisdiction by filing his claims in this Court. This argument is unpersuasive. The Court finds the conclusion of the Texas Supreme Court to be instructive in this regard. On nearly identical facts, it held that to "hold that a receiver, by going into a foreign court to collect sums alleged to be due the estate, thereby opens the estate to suits in those foreign jurisdictions would defeat the goal of state insurance insolvency statutes ...." *Bard v. Charles Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 796 (Tex.1992).

Shearson further argues that the Court must exercise subject matter jurisdiction over its counterclaims because they are premised upon federal securities laws over which federal courts are granted exclusive subject matter jurisdiction. *See* 15 U.S.C. § 78aa (granting federal courts "exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder"). Were the counterclaim itself to allege a violation of federal securities law, Shearson's argument would be compelling. *See generally, Riley v. Simmons,* 45 F.3d 764 (3d Cir.1995) (requiring the district court to adjudicate a defendant's counterclaim against an insolvent insurer because the counterclaim directly asserted violation of the federal securities laws); *Central States, etc. v. Old Security Life Ins. Co.,* 600 F.2d 671, 677 (7th Cir.1979) (upholding federal court's subject matter jurisdiction against insolvent insurer in state receivership only because claimant directly asserted an ERISA claim). In these exceptional cases, the state courts cannot exercise jurisdiction and federal courts provide claimants with their exclusive opportunity to be heard.

No such allegation is present in the counterclaims at issue. Here, Shearson does not seek direct adjudication of substantive rights and duties created by federal law and over which federal courts alone may exercise subject matter jurisdiction. Rather, the counterclaim here at issue only seeks indemnification for sums already expended defending and settling a federal claim. Indeed, during oral argument on this motion, both Shearson and the Individual Defendants repeatedly emphasized the potentially preclusive effect of the jury verdict on their counterclaims, further illustrating the fundamental absence

of any exclusively federal issue now requiring resolution.

In contrast to *Shearson*, the counterclaims of the Individual Defendants are in no way based upon any law providing exclusive federal jurisdiction. Instead, they argue that the court should exercise subject matter jurisdiction because *Appalachian Power Company v. John Stewart Walker, Incorporated*, 214 Va. 524, 201 S.E.2d 758 (1974) divests the SCC of jurisdiction over the counterclaims. However, SCC jurisdiction over the counterclaims here at issue differs dramatically from that disallowed in *Walker*. In the instant case, the SCC's jurisdiction over insolvent insurers is explicitly established by statute. The court therefore finds *Walker* inapposite.

Here, as was the case in *Gross v. Spies*, "the straightforward terms of the Receivership Order provided that all claims against the [Deputy Receiver] had to be filed with the Commission ...." *Gross v. Spies*, 1998 WL8006 at *8. Indeed, the Deputy Receiver notes that defendants other than Shearson and the Individual Defendants from the original action have correctly filed counterclaims with the SCC in accord with the receivership order. The Court is fully convinced that the SCC can completely and capably adjudicate the pending counterclaims. While state courts may not directly adjudicate securities claims, they may, and in fact, must consider and interpret such laws when necessary, as here, to rule upon matters otherwise within their jurisdiction. *See, e.g., Sherry v. Diercks*, 29 Wash.App. 433, 628 P.2d 1336 (1981) (exercising jurisdiction over case in which federal securities law was raised as affirmative defense); *Birenbaum v. Bache & Co.*, 555 S.W.2d 513 (Tex.Civ.App.1977) (same). Should Shearson and the Individual Defendants be denied the relief to which they consider themselves entitled at the SCC, they enjoy the ability to appeal the decision to both the Virginia Supreme Court and, if necessary, the Supreme Court of the United States.

B. *Plaintiff's Alternative Motion for Certification of Immediate Appeal Pursuant to 28 U.S.C. § 1292(b).*

Because the Court grants the Deputy Receiver's Motion for Judgment on the Plead-

ings, the alternative motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is moot.

### III. CONCLUSION

The Court finds the SCC's receivership order establishing an exclusive forum for the resolution of all claims against FBL is entitled to full faith and credit and divests this Court of subject matter jurisdiction. The Deputy Receiver's Motion for Judgment on the Pleadings is therefore granted.

### ORDER

This matter is before the Court on plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For reasons set forth in the accompanying Memorandum Opinion, the plaintiff's motion is GRANTED. The case is dismissed without prejudice for lack of jurisdiction.

It is so ORDERED.